Lane, C. J.
This is an information in the nature of a quo warranto, averring that the defendants use, without warrant, grant, or charter, the following franchises :
1. Of being a corporation.
2. Issuing notes, and receiving deposits, making discounts, and carrying on banking operations.
3. “Of becoming the proprietor of a fund of gold and silver, and keeping the same in a banking house.”
4. Issuing notes for circulation, more than three times the amount of it.
5. Receiving money as capital and loaning, in notes and money, more than the amount, to its pretended officers.
6. Issuing notes for circulation, payable in notes of other banks.
7. Loaning such notes in the same manner as bank notes, payable on demand.
Process is, therefore, asked to bring them into court, to show by what warranty they exercise these franchises.
*109 The pleadings are prolix. It is only necessary to notice the fifth plea. It is there averred, that the defendants were duly incorporated in 1803, and were, by the act of incorporation, duly authorized to exercise all the franchises specified in the declaration, and have exercised, all and singular, the specified franchises for the term of more than twenty years.
The prosecutor replies to the first part of this plea, which is, substantially, setting up a title by prescription, that they have exercised privileges not conferred by charter, to wit, they issued notes to circulate as money. To the same part of the *same plea, he further replies,- that they did not pay their notes and other contracts; and, as to the residue of the same plea, he demurs, for want of form, and assigns as reasons, that it contains matter’s of law, instead of'matters of fact; that no compliance with the provisions of the act is shown; nor, because it does no show by what authority they loaned to themselves more than $200,000 over the amount of the capital stock, or by what authority they have taken more than six per cent, interest.
The defendants join in this demurrer.
It is difficult to speak in any terms of seriousness upon the style of pleading which the prosecutor is pleased to adopt. Let us endeavor to approach the real question, as far as we are able to find it.
The act relating to quo warranto declares no proceedings shall be had to question the authority for exercising franchises which have been exercised more than twenty years, provided such proceedings shall not be barred if instituted within two years from the passage of the act.
The defendant relies, in this plea, upon the prescriptive right of twenty years. The prosecutor, instead of either denying the exercise of the franchise for this period of time, or of bringing himself within the two years’ proviso, gives no other answer, except to repeat the averment that the defendant has done those things which he claims a right to do under his plea.
Without noticing, therefore, the other parts of the case, the plea seems to furnish a complete defense. Judgment for defendant.